JULIUS C. WIND, A/K/A ROBERT BROWN, PLAINTIFF, v.
JAMES C. SMITH, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 31, 1978—Decided November 30, 1978.

Before Judges MATTHEWS, KOLE and MILMED.

*Messrs. Shapiro, Eisenstat, Capizola, O'Neill & 'Gabage,* attorneys for appellant Unsatisfied Claim and Judgment Fund (*Mr. Mitchell S. Berman* on the brief).

Camden Regional Legal Services, Inc., attorneys for defendant James C. Smith (*Ms. Patricia DeCarlo,* Managing Attorney, on the brief).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for intervenor-appellant John A. Waddington, Director of the Division of Motor Vehicles (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Robert M. Jaworski,* Deputy Attorney General, on the brief).

No brief was filed on behalf of plaintiff.

PER CURIAM. The Unsatisfied Claim and Judgment Fund (Fund) appeals from an order of the trial court, entered subsequent to final judgment. That order (1) denied the Fund's motion for modification of the judgment to provide for defendant's repayment of the amount thereof ($10,000) with, rather than without, interest, and (2) granted defendant's motion for restoration of his driving privilege and directed restoration thereof by the Division of Motor Vehicles upon proof of financial responsibility. By leave granted, the Director of the Division of Motor Vehicles (Director) has intervened as an appellant challenging the authority of the trial court to order restoration of defendant's driving privilege.

The essential facts are not in dispute. Plaintiff Julius C. Wind, also known as Robert Brown, commenced this auto negligence suit seeking to recover from defendant James C. Smith damages for personal injuries which Wind sustained in a motor vehicle accident on June 3, 1974 while a passenger in an auto owned and operated by Smith. Smith being an uninsured motorist, the Fund, through the General Adjustment Bureau, assigned counsel to represent him in the action. On December 4, 1975 his driving and registration privileges were suspended by the Director for failure to make a deposit of security under the Motor Vehicle Security-Responsibility Law. *L.* 1952, *c.* 173, as amended; *N. J. S. A.*

39 :6–23 to 57. See *N. J. S. A.* 39 :6–25. Additionally, the Fund paid $3,851.40 in personal injury protection (PIP) benefits on plaintiff's claim. In July 1976 defendant Smith agreed to reimburse the Fund in that amount with interest at 6% a year, in installment payments of $50 a month. He paid the August and September 1976 monthly installments and then defaulted. On January 1, 1977 his driving and registration privileges were again suspended by the Director because of his default in making the installment payments.

In March 1977 the parties agreed to settle the negligence suit for $10,000. Smith agreed to repay the Fund that amount with interest at 6% per annum. Payment was to be made in monthly installments of $50 each, subject to court approval of the amount of the settlement and the rate of repayment. After hearing, including inquiry into Smith's ability to pay, the trial judge approved the settlement and on March 25, 1977 ordered the entry of judgment in favor of plaintiff and against Smith for $10,000, without costs. He ordered Smith to repay the amount in $50 monthly installments *without interest*. Smith was then informed by counsel that the State would not restore his driving privileges without repayment with interest at 6% per year. The Fund sought modification of the order for judgment to require repayment with interest. Smith, represented by Camden Regional Legal Services, Inc., moved for restoration of his driving privileges. Following oral argument the trial judge denied the Fund's motion and directed that the judgment "shall continue to provide for repayment in installments without interest." Smith's motion for restoration of his driving privileges was granted, the trial judge directing restoration "by the Division of Motor Vehicles upon proof of financial responsibility and presentation of" the court's order and the judgment of March 25, 1977. This appeal followed.

We reverse. The trial judge had neither the authority to withhold interest nor the authority in the circumstances to direct restoration of defendant's driving privileges. The

authority to waive interest is by statute, *N. J. S. A.* 39:6–77, vested in the Unsatisfied Claim and Judgment Fund Board. And, there has been no showing that the Board has abused its discretion in not waiving interest in this case. Absent a clear demonstration of such abuse of discretion, the Board's failure to waive interest may not be disturbed.

In the totality of the circumstances disclosed in the record[1], we are entirely satisfied that it was beyond the ambit of the trial judge's authority to order that driving privileges be restored to Smith. In this regard, *N. J. S. A.* 39:6–87 provides:

> Where the license or privileges of any person, or the registration of a motor vehicle registered in his name, has been suspended or cancelled under the Motor Vehicle Security-Responsibility Law of this State, and the treasurer has paid from the fund any amount in settlement of a claim or towards satisfaction of a judgment against that person, or for the payment of personal injury protection benefits as provided in section 7 and section 10 of this act, the cancellation or suspension shall not be removed, nor the license, privileges, or registration, restored, nor shall any new license or privilege be issued or granted to, or registration be permitted to be made by, that person until he has
>
> (a) Repaid in full to the treasurer the amount so paid by him together with interest thereon at 6% per annum from the date of such payment; and
>
> (b) Satisfied all requirements of said Motor Vehicle Security-Responsibility Law in respect of giving proof of ability to respond in damages for future accidents, provided, that the court in which such judgment was rendered may, upon 10 days' notice to the board, make an order permitting payment of the amount of such person's indebtedness to the fund, to be made in installments, or in the event the fund makes personal injury protection benefit payments, such person and the fund by agreement may provide for repayment to the fund to be made in installments, and in such

---

[1] Including (1) the absence of a binding commitment by Smith to make repayment to the Fund with interest at the rate of 6% per annum; and (2) his default in meeting the remaining installments due on his agreement to reimburse the Fund for the PIP benefits it paid to plaintiff, after making the first two $50 monthly payments.

case, such person's driver's license, or his driving privilege, or registration certificate, if the same have been suspended or revoked, or have expired, may be restored or renewed and shall remain in effect unless and until such person defaults in making any installment payment specified in such order. In the event of any such default, the director shall upon notice of such default suspend such person's driver's license, or driving privileges or registration certificate until the amount of his indebtedness to the fund has been paid in full.

The order under review is reversed. The matter is remanded to the trial court for the entry of an appropriate order requiring repayment to be made by defendant James C. Smith with interest at the rate of 6% a year.